NORTHERN LIGHT COMPANY, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*May 8—June 2, 1953.*

For the appellant there was a brief by *Anderson & Murphy,* attorneys, and *J. Stewart Murphy* of counsel, all of Milwaukee, and oral argument by *J. Stewart Murphy.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

FRITZ, C. J. Isiah Small, the applicant for workmen's compensation, was injured while operating a press brake for the Northern Light Company. The machine at which he was working was operated and controlled by a foot clutch, and he had at all times complete control over the speed at which the ram descended. Appellant had purchased the machine before General Order 28 of the Industrial Commission was promulgated, and no guard had ever been devised which would permit the owner of that type of machine to operate it as it was intended to be operated, and none was on the machine when the injury to Isiah Small occurred. The commission's expert testified that he had never seen a guard on that type of machine. The commission's order permits a two-hand tripping device as an alternative to a guard; and its expert therefore testified that the machine should have been operated by a two-hand tripping device. It was his opinion that the metal to be worked could be laid on a cradle and that it did not need to be touched while the ram was descending. This was contrary to the testimony of Isiah Small. He said that this had been attempted, and that it did not work. The expert engineer explained that the machine was used to put a bead or edge along strips of metal, and that as the ram descended and struck the metal and drove the edge down into the die where it was formed into a "V," that the opposite edge of the metal and the entire piece that was being worked on rose in an arc, and that it had to be assisted in doing so by the operator of the machine, or it would bend in the middle because of the inertia of the metal. Small demonstrated how he stood with both hands, palms forward, against the piece that was being worked on, and lifted on the edge that was away from the die as the

ram descended on the opposite edge. He testified that the clutch which operated the machine had been giving some trouble; that it had been slipping. Whenever this trouble developed, Small called the company's engineer who corrected it. He testified, however, that it might begin again fifteen minutes later. Small had been working only a half an hour on the morning of the accident when the accident happened. He was unable to describe what had happened, but the accident resulted in the loss of a part of his thumb. Nobody knows actually just what happened.

The appellant contends that the Industrial Commission's order is an abuse of power; that the machine was purchased to perform a multitude of operations and was being used before the commission's order was promulgated; that no one else has ever been injured on it; that its greatest safety feature is the fact that the hands need never be placed in the machine and particularly that it can be so controlled by the foot clutch; and that the descent of the ram is always within the complete control of the operator. As the necessity for a guard was largely discarded by the commission's expert before he was through testifying, the only question was whether or not the two-hand tripping device was feasible. Appellant contends that any order of the commission which would make it impracticable or impossible for appellant to perform its work and carry on its business is not a lawful order and not binding; that neither the commission nor appellant know of any way that this machine can be guarded; and that the commission's resort to the "catch all" of the two-hand tripping device is of no help whatever to this employer; that since the employer knows of no other way of handling the job, and can find no other way to do it, the order must either be abrogated as to this particular press or the company must go out of business.

The Industrial Commission claimed that the machine was slipping and made a finding that this was a violation of the

safe-place statute, sec. 101.06, although the evidence showed that every time it slipped it was immediately repaired by a graduate engineer. Appellant contends that the court can, therefore, permit the payment of a penalty on that basis (violation of the safe-place statute) ; but that if it finds that the commission's order should be upheld and that the machine must be operated with a two-hand tripping device, it will be signing a death warrant for the appellant company, which is the only company manufacturing this type of fixture in the state of Wisconsin.

Appellant states that no guard has ever been devised which would permit the owner of this type of machine to operate the machine as it was intended to be operated. While there was no universal guard, certain operations could have been guarded, including the one which was being performed when the accident happened. There was evidence that a two-hand tripping device could have been used as well as other types of guards.

Appellant states that no one knows just what occurred. The commission, however, contends that this much is known: That the machine was supposed to stop when the operator's foot was removed from the pedal; that the defendant Isiah Small placed the metal in the machine, hit the pedal, and released it, and the metal slipped; that he lost his balance, his hand got caught in the machine, and his right thumb was cut off. The commission found that the power brake press was not guarded or equipped with safety devices; that the operation could have been performed with a two-hand tripping device; that the machine was not in proper working order, and that if it had been guarded as required by Safety Order 28, and if it were in good working order as required by the safe-place statute, the injury would not have occurred; and therefore the commission ordered the payment of 15 per cent increased compensation. The circuit court confirmed the commission's order and Northern Light Company appealed

from the judgment entered pursuant to that order. The validity of the Industrial Commission's Safety Order 28 imposing the 15 per cent increased compensation, on account of the defendant's violation of the safe-place statute, is not determined on this appeal.

*By the Court.*—Judgment affirmed.